■ In the Matter of the Claim of JOHN BROOKS, Respondent, against TEMPLE SINAI et al., Appellants, and SPECIAL FUND CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. The claimant was washing dishes in the course of his employment on the evening of June 9, 1955 when some detergent splashed into his right eye. The eye began to tear and it pained him. The following day pain persisted and he consulted a Dr. Weiss who had him hospitalized where he remained until August 2, 1955. He was suffering from an eye condition in the nature of iridocyclitis and subsequently lost the use of his right eye. In 1946 claimant had developed a traumatic choroiditis of the right eye and had been operated on by Dr. Weiss for a secondary glaucoma, as a result of which there was a filtering bleb on the eye. The claimant had also previously lost the use of his left eye. The board found that the soap or detergent which entered the claimant's right eye on June 9, 1955 caused an exogenous infection entering through the pre-existing filtering bleb in the right eye. There was no dispute that an infection caused the disabling condition but there was a sharp difference of opinion as to the origin and cause of the infection. Four doctors including two impartial specialists selected by the board were of the opinion there was no causal relation; that infection does not come through a bleb; that there was insufficient time between the detergent incident and the examination of the eye disclosing the infection for the condition to have been caused by the detergent; that the incubation period for an iridocyclitis with bacterial origin must be at least 48 hours and that the infection came from within. Two other doctors, specialists in ophthalmology, testified that there was causal relationship between the detergent in the eye and the resulting infection and loss of sight and that this infection could manifest itself within one half hour. Medical testimony against causal relationship seems overwhelming in this record, but the bare legal sufficiency of other medical opinion prevents our interference. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.